## Henry Friedman, Appellee, v. Northwestern Terra Cotta Company, Appellant.

### Gen. No. 19, 829.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 6, 1914.

### Statement of the Case.

Action by Henry Friedman against Northwestern Terra Cotta Company, a corporation, to recover a sum alleged to be due to the plaintiff as commissions upon sales of terra cotta products made by him while in the employ of defendant. From a judgment entered on a verdict in favor of plaintiff for $36,536.14, defendant appeals.

The facts showed that plaintiff had been in defendant's employ for many years and was engaged at a salary of $5,000 per year during 1910 and 1911; that in the year 1910, after plaintiff had requested that he be made a stockholder and officer of the company, the vice-president in reply did not make any definite promise as to plaintiff's request, but said at the end of the year he would pay to plaintiff and others, as a bonus, a "percentage of the profits" of the business, if any. It appeared that plaintiff was not informed what the percentage was, but at the end of the year 1910 plaintiff was paid $4,198.24. Plaintiff continued in his employment until January 15, 1912, when he resigned. Later plaintiff made a request for his percentage for the year 1911 and received a check for $302.86. Plaintiff sought to find out how the percentage was figured but the vice-president refused to tell him. Plaintiff then employed an attorney who, under plaintiff's express direction and authority, wrote to the vice-president a letter as follows:

"Mr. Henry Friedman has called on me in relation to a *claim for bonus* promised him on contracts closed by him for your company during the year 1911. It is Mr. Friedman's contention that although a bonus was promised him based on *earnings on contracts* secured by him, that after he resigned his connection with your company that you advised him that the company had made no money during 1911, and consequently a very nominal bonus was paid. During the year 1910 when Mr. Friedman succeeded in closing only a few contracts a considerable bonus was paid to him, and consequently he continued during 1911 with your company and redoubled his efforts, anticipating a fair remuneration for the same. Your president, Mr. Hottinger, also *held out hopes* to Mr. Friedman that he would be more closely associated with your company in an official capacity and would be *liberally rewarded* at the end of the year on certain good contracts closed in which Mr. Friedman succeeded in obtaining preference and by helping to eliminate from this field certain other contracting companies.

"Is it not possible to amicably adjust this matter without filing a bill in chancery to compel an accounting? Kindly advise me.

Yours very truly,
Geo. D. Wellington."

Hugh L. Burnham, for appellant.

George D. Wellington and Rockhold & Busch, for appellee; Francis X. Busch, of counsel.

Mr. Justice Gridley delivered the opinion of the court.

### Abstract of the Decision.

Master and servant, § 82*—*admissibility of letter written at direction of employee in suit for compensation.* In an action to recover a certain commission on sales made of defendant's products by plaintiff while in defendant's employment on a salary, where the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

real issue was whether the defendant verbally agreed to give plaintiff in addition to his salary a certain "commission" on sales made by him, or a "percentage of the profits" of the business, as a bonus, a letter written by the attorney of plaintiff at the latter's direction to the defendant and offered in evidence to impeach plaintiff's testimony to the effect that the agreement was to give a certain commission on sales, *held* not to contain an offer to compromise so as to render it inadmissible, and its rejection *held* prejudicial error.

---

## Frederick W. Job and Dudley Taylor, Appellees, v. Henry M. Wallace, Appellant.

### Gen. No. 19,838.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 6, 1914.

### Statement of the Case.

Action by Frederick W. Job and Dudley Taylor against Henry M. Wallace to recover a certain sum claimed to be due on a written contract for attorneys' fees. The case was tried before a jury who returned a verdict in favor of plaintiffs for $1,600. The court required a remittitur of $125 and entered judgment for $1,475. To reverse the judgment, defendant appeals.

PAUL M. O'DONNELL, for appellant.

IRA C. WOOD, for appellees.

MR. JUSTICE GRIDLEY delivered the opinion of the court.